# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Ace Property and Casualty Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: |
| ) | 1:14-cv-00944-JMC |
| Specialty Logging, LLC, and ) | |
| Harold Moors, ) | |
| ) | **ORDER AND OPINION** |
| Defendants. ) | |
| ) | |

This matter is before the court pursuant to a motion filed by Defendants Specialty Logging, LLC, and Harold Moors ("Defendants"), pursuant to Rule 13(a) and Rule 12(b)(1) of the Federal Rules of Civil Procedure, requesting that the court dismiss this case ("Motion to Dismiss"). (ECF No. 11.) On April 18, 2014, Plaintiff Ace Property and Casualty Insurance Company ("Plaintiff") filed a Response in Opposition to the Motion to Dismiss. (ECF No. 14.) For the reasons stated below, the court **DENIES** Defendants' Motion to Dismiss and **GRANTS** Plaintiff's request to stay this case pending resolution of the motions in another lawsuit currently before the court. (ECF No. 14 at 15.)

### I.     RELEVANT BACKGROUND TO PENDING MOTION

On January 15, 2014, Defendants Michael Perry Bowers and George and Veronica Skipper ("the Skippers") filed a lawsuit against Plaintiff in the Allendale County Court of Common Pleas ("Claims Handling Lawsuit"). (ECF No. 14 at 3; *see also Skipper v. Ace Property and Casualty Insurance Company.*, Civil Action No. 1:14-cv-00444-JMC.) In that action, Defendants Bowers and the Skippers allege that Plaintiff breached its insurance contract with Defendants and committed wrongful conduct in handling the claims arising from an automobile accident that took place on September 22,

1

2010. (ECF No. 11-1 at 3.) Plaintiff removed the Claims Handling Lawsuit to this court on February 20,2014. (ECF No. 14 at 3; *see* Claims Handling Lawsuit at ECF No. 1.) Subsequently, Defendants Bowers and the Skippers filed a Motion to Remand the Claims Handling Lawsuit (ECF No. 11-1 at 3-4; *see* Claims Handling Lawsuit at ECF No. 19), and Plaintiff filed a Motion to Dismiss the action. (ECF No. 14 at 3-4; *see* Claims Handling Lawsuit at ECF No. 12.) The court denied both Motions with leave to refile pending the adjudication by the Supreme Court of South Carolina of a certified question regarding the assignability of legal malpractice claims. *See* Claims Handling Lawsuit at ECF Nos. 35, 45.

On March 17, 2014, Plaintiff filed a Complaint for Declaratory Judgment against Defendants pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, asserting that Defendants materially breached express duties owed to Plaintiff under an automobile liability policy by entering into a settlement agreement and executing a confession of judgment with regard to the September 22 automobile accident between Defendants and the Skippers. (ECF No. 1 at 1-3.) Because of this breach, Plaintiff argues that it has no duty to provide insurance coverage to Defendants in connection with the claims and lawsuits arising from the accident. (*Id.* at 1.)

On April 1, 2014, Defendants filed this Motion to Dismiss Plaintiff's Complaint pursuant to Rule 13(a) and Rule 12(b)(1) of the Federal Rules of Civil Procedure on the following grounds: (1) Plaintiff's Complaint raises issues that are compulsory counterclaims that must be asserted in the Claims Handling Lawsuit; (2) the court should exercise its discretion in declining jurisdiction under *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371 (4th Cir. 1994)*;* and (3) Plaintiff's Complaint is barred by the

2

first-to-file rule. (ECF No. 11.) Plaintiff filed Response in Opposition to Defendants' Motion to Dismiss on April 18, 2014, contending that the coverage questions raised by Plaintiff's Complaint must be resolved before the lawsuits concerning the automobile accident can proceed to trial. (ECF No. 14 at 2.)

## II.    LEGAL STANDARD

A.    Motions to Dismiss Pursuant to Fed. R. Civ. P. 13(a)

Under Fed. R. Civ. P. 13(a), "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). If a counterclaim falls within the scope of Rule 13(a), it is compulsory, and "[a] counterclaim which is compulsory but is not brought is thereafter barred." *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 477 n.1 (1974). Therefore, if a party fails to assert a compulsory counterclaim in an action, that party will be precluded from asserting that claim in a subsequent action. *See Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 219 (4th Cir. 2006). Moreover, the preclusive effect of Rule 13(a) applies where a party files a declaratory judgment action that should have been raised as a compulsory counterclaim in a prior action. *Dow Chem. Co. v. Metlon Corp.*, 281 F.2d 292, 297 (4th Cir. 1960). However, the Fourth Circuit has held that because a motion to dismiss under Rule 12 is not a pleading, "Rule 13(a) does not come into play when a defendant files only a motion to dismiss, instead of a pleading." *Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993).

B.       Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Unless a matter involves an area of a federal court's exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C. § 1332(a)(1). In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

C.       The First-to-File Rule

The first-to-file rule provides that between two parallel suits, the first suit filed has priority "absent the showing of balance of convenience in favor of the second action." *Ellicott Mach. Corp. v. Modern Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974) (quoting *Remington Products Corp. v. American Aerovap, Inc.*, 192 F.2d 872, 873

(2d Cir. 1951)). The Fourth Circuit has recognized and historically applied the first-to-file rule "in cases where two distinct federal courts have concurrent jurisdiction over actions embracing the same issue, in order to determine the proper venue in which to litigate the dispute." *SAS Inst., Inc. v. Practicingsmarter, Inc.*, 353 F. Supp. 2d 614, 617 (M.D.N.C. 2005). The two actions "need not be identical if there is substantial overlap with respect to the issues and parties," but the fact that the claims are similar "is not sufficient to invoke the first-to-file rule." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635-36 (E.D. Va. 2006). Furthermore, "[t]he fact that one suit is for a declaratory judgment does not change the general rule that the first-filed case should go forward." *SAS Inst., Inc.,* 353 F. Supp. 2d at 617. For the purpose of the first-to-file rule, a district court has the discretion to "dismiss, stay, or transfer a later-filed lawsuit in deference to the first filed action." *MVP Grp. Int'l, Inc. v. Smith Mountain Indus., Inc.*, 2012 WL 425010, at \*1 (D.S.C. 2012) (citing *Colo. River Water Conservation Distrib. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation.")).

### III.   ANALYSIS

A.   <u>The Arguments of the Parties</u>

In the Motion to Dismiss, Defendants request that the court dismiss Plaintiff's declaratory judgment action, arguing that (1) Plaintiff's claims must be asserted as compulsory counterclaims in the Claims Handling Lawsuit pursuant to Rule 13(a) (ECF No. 11-1 at 8); (2) the court should exercise its discretion in declining jurisdiction over Plaintiff's declaratory judgment action under *Nautilus.* (*Id*. at 15); or (3) Plaintiff's Complaint should be dismissed under the first-to-file rule (*Id.* at 11-12).

5

Plaintiff opposes Defendants' first contention by asserting that this court should not apply Rule 13(a) to address whether Plaintiff's action is precluded under the compulsory counterclaim rule because Plaintiff has not yet filed any responsive pleadings in the Claims Handling Lawsuit. (ECF No. 14 at 6.) Secondly, Plaintiff urges that the court need not consider this matter in light of *Nautilus* because there currently is no pending parallel state court proceeding. (*Id.* at 15-16.) Lastly, Plaintiff contends that the first-to-file rule is inapplicable because there is no substantial overlap between the Claims Handling Lawsuit, which concerns how Plaintiff handled insurance claims arising from the September 22 automobile accident, and Plaintiff's declaratory judgment action, which relates to Defendants' obligations to Plaintiff under the insurance policy. (*Id.* at 14.) On this point, Plaintiff further argues that if the court should find the first-to-file rule applicable to Plaintiff's declaratory judgment action, the court should exercise its discretion in staying the action pending resolution of Plaintiff's motion to dismiss in the Claims Handling Lawsuit. (*Id.*)

B.     The Court's Review

    1.     *Motion to Dismiss Pursuant to Fed. R. Civ. P. 13(a)*

Defendants argue that because resolution of the Claims Handling Lawsuit will determine Plaintiff's rights and obligations under the insurance policy, Plaintiff has only brought its claims in the declaratory judgment action rather than as compulsory counterclaims in the Claims Handling Lawsuit as an attempt to forum shop in contravention of Rule 13(a). (ECF No. 11-1 at 9.) A court will enforce Rule 13(a) only after the pleader has failed to raise a compulsory counterclaim in a previous action, and

when there have been no responsive pleadings in a previous action, Rule 13(a) is inapplicable.

With regard to the Claims Handling Lawsuit, Plaintiff has only filed a motion to dismiss for failure to state a claim. (ECF No. 14 at 3-4.) Because the Fourth Circuit has held that Rule 13(a) is inapplicable when a party files a motion to dismiss instead of a responsive pleading, the fact that Plaintiff filed a motion to dismiss in the Claims Handling Lawsuit does not preclude the Plaintiff from raising its claims in this declaratory judgment action. For the court "[t]o hold otherwise would inappropriately punish a litigant for interposing a successful motion to dismiss before answering by stripping it of the right to bring claims that, in hindsight, could or should have been brought had the motion to dismiss failed. This would not serve the policy underlying [Rule 13(a)]: to conserve judicial resources and protect litigants from the expense of multiple lawsuits." *Ternisky*, 999 F.2d at 795 (4th Cir. 1993) (quoting *Mutual Fire, Marine & Inland Ins. Co. v. Adler,* 726 F. Supp. 478, 483 (S.D.N.Y.1989)). Accordingly, Defendants' motion to dismiss this case based on the application of Rule 13(a) is denied.

2.    *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)*

In its Complaint, Plaintiff asserts that this court has subject matter jurisdiction over Plaintiff's declaratory judgment action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Fed. R. Civ. P. 57. (ECF No. 1 at 4.) Furthermore, Plaintiff argues that this court has subject matter jurisdiction over the action directly pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different States. (*Id.*) Defendants do not dispute these assertions, but instead contend that the court should

decline to exercise jurisdiction under *Nautilus*. The Fourth Circuit expressly stated that the factors articulated in *Nautilus* "inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." 15 F.3d at 376. However, where there is no pending parallel action in state court, *Nautilus* and its progeny are inapplicable. *See Gressette v. Sunset Grille, Inc.*, 447 F. Supp. 2d 533, 538 (D.S.C. 2006).

With regard to Plaintiff's declaratory judgment action, there is no pending parallel proceeding in state court. The pending parallel action to which Defendants refer is the Claims Handling Lawsuit currently before this federal court pending the response on the certified question before the Supreme Court of South Carolina. Without a pending parallel state court action, under *Nautilus,* the court need not consider whether to decline to exercise jurisdiction over the declaratory judgment action. Accordingly, Defendants' claim that *Nautilus* compels this court to abstain from exercising subject matter jurisdiction is without merit and is denied.

   *3.*   *Motion to Dismiss Pursuant to the First-to-File Rule*

Defendants' claim that the first-to-file rule is applicable to this matter has merit, but this court has discretion to dismiss, stay, or transfer Plaintiff's declaratory judgment action. Defendants filed the Claims Handling Lawsuit first, and the claims raised in Plaintiff's subsequently filed declaratory judgment action, while not identical to those raised in the Claims Handling Lawsuit, substantially overlap with respect to the issues and parties. Because both actions concern the obligations of Plaintiff and Defendants under the insurance policy with regard to the September 22 automobile accident, there is a risk of inconsistent judgments in addition to a waste of judicial resources. Accordingly,

Defendants' argument that the first-to-file rule compels the court to give priority to the first-filed Claims Handling Lawsuit has merit to the extent that the rule is applicable, but the court will stay Plaintiff's declaratory judgment action pending resolution in the Claims Handling Lawsuit rather than dismissing it. Therefore, Plaintiff's request that the court stay this case is granted.

## IV. CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Defendants' Motion to Dismiss (ECF No. 11) and **GRANTS** Plaintiff's request to stay this case pending the resolution of the Claims Handling Lawsuit (ECF No. 14 at 15).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 27, 2015
Columbia, South Carolina

9